## INVALIDITY OF AN ATTEMPTED TRANSFER OF BUILDING ASSOCIATION DEPOSITS IN BULK.

Hamilton County Court of Common Pleas.

STATE OF OHIO, EX REL, C. C. CRABBE, ATTORNEY GENERAL, V. THE LINCOLN HOUSING ASSOCIATION ET AL.

Decided, April 1, 1925.

*Building Associations—Ownership and Control of Deposits—Officers without Power to Contract for a Transfer of Deposits.*

It is the policy of the law to treat building association deposits as the property of the depositors and not, of the association, and nowhere is power given to officers of an association to transfer the deposits in bulk to another association.

*Taft, Stettinius & Hollister,* for Clark, Receiver.
*Heintz & Heintz,* for Vigran, Receiver.

LeBLOND, J.

The state of Ohio on relation of C. C. Crabbe, attorney general, filed a petition herein against the Lincoln Housing Association and certain of its directors, praying for a dissolution of the association and for a receiver to take charge of and wind up its business. It is alleged that the Lincoln Housing Association is a domestic building and loan association, and was doing business as such with its principal place of business and office at Cincinnati, Ohio; that the affairs of the association were in an unsound condition, and that the interests of the public demanded its dissolution. On hearing the court found that said company was operating in contravention of the provisions of the building and loan code of Ohio, and appointed Nathan Vigran receiver, and ordered the corporation dissolved.

A similar action was brought by the Attorney General against the Estate Building & Loan Association upon substatially the same allegations, resulting in a similar judgment and decree, ordering the dissolution of the association and the appointment of Ralph E. Clark as receiver. Thereupon Ralph E. Clark, filed an intervening petition in this case, alleging that the Lincoln Housing Association and the Estate Building & Loan Asso-

ciation were organized under the building and loan laws of the state of Ohio, and that about June 6th, 1923, an agreement was entered into between the two associations by virtue of which the Estate Building & Loan Association undertook to accept as members and issue its membership certificates to those certificate holders of the Lincoln Housing Association who should take advantage of an offer to that effect, and would credit such transferring members with the amount they had paid on their certificates in the Lincoln Housing Association; that in consideration of the foregoing, the Lincoln Housing Association agreed to pay over to the Estate Building & Loan Association those payments already made to it by the certificate holders who made or would make such transfer. These persons, described as members or certificate holders, were really stockholders by virtue of the building and loan laws of Ohio. A number of the certificate holders of the Lincoln Housing Association did transfer their deposits to the Estate Building & Loan Association, and that the amount of their credits was $14,984.50, of which the Lincoln Housing Association paid to the Estate Building & Loan Association the sum of $1,169.00. The intervening petitioner claims the sum of $13,815.50, for which he filed his claim with the receiver of the Lincoln Housing Association. This claim was rejected by Vigran, receiver, and the intervening petitioner prays that the claim be allowed for that amount with interest.

The receiver of the Lincoln Housing Association filed a demurrer to the amended intervening petition, and urged upon the court that the amended intervening petition does not state facts sufficient to show a cause of action, because the contract alleged therein is *ultra vires*. At the hearing of the demurrer, this court requested that the demurrer be held in abeyance, and that the evidence in the case be submitted; at which time a motion to dismiss the intervening petition in the nature of a demurrer to the evidence might be interposed by the receiver for the Lincoln Housing Association. This was agreed to and the case then proceeded to trial upon the merits.

The intervening petitioner thereupon offered testimony to

show that certain stockholders of the Lincoln Housing Association had made payments to the association aggregating $14,984.50, and that these stockholders subsequently became stockholders of the Estate Building & Loan Association, where they were credited with sums equalling the amount which they had paid to the Lincoln Housing Association. There was no proof whatsoever of any contract between the two companies, by virtue of which the Lincoln Housing Association agreed to pay said sum to the Estate Building & Loan Association. No officer of either company was called as a witness, and the minute book of the Lincoln Housing Association fails to show any record of any contract made by it with the Estate Building and Loan Association. The only witnesses called were state inspectors of the building and loan department who testified that the books showed certain stockholders of the Lincoln Huosing Association had paid certain amounts on their stock, and that the names of these stockholders subsequently appeared on the books of the Estate Building & Loan Association, with credits equalling the amount the stockholders had paid to the Lincoln Housing Association.

When the intervening petitioner rested, the receiver of the Lincoln Housing Association made a motion to dismiss the amended intervening petition. From the proof in the case, there is no evidence whatsoever to show that the contract set out in the amended intervening petition was ever made. The court is left to conjecture as to how the stockholders of the Lincoln Housing Association subsequently became stockholders of the Estate Building & Loan Company. Whether this transfer was effected by the attempted contract with the companies or whether each stockholder transferred his stock individually, was not shown at the trial. Upon the evidence adduced, the court is forced to the conclusion that the intervening petitioner has failed to make out a case.

The demurrer admitted the contract, and therefore the plaintiff's case was stronger upon the demurrer than upon the proof. While it is not necessary to pass upon the question of *ultra vires* as raised by the demurrer, the court is of the opinion that

building and loan companies carrying on a legitimate business under the building and loan code do not have the authority to enter into a contract of the kind set out in the amended intervening petition. All the powers of the building and loan associations are set out in the General Code, and are found in Section 9648 to 9668, inclusive. Nowhere is the power given to such associations to transfer in bulk their deposits to some other association. Building associations do not have the power to deal with their deposits as they please. The policy of the law is to treat the deposits as the property of its stockholders, and not of the association. This is indicated by Section 9675 of the General Code, which requires stockholders in building associations to list as credits for taxation the true value of their shares in money. The testimony in this case shows that a number of the stockholders of the Lincoln Housing Association whose names and credits were subsequently found on the books of the Estate Building & Loan Association have filed their claims with the receiver of the Lincoln Housing Association. The receiver could not of course, allow the claim of the intervening petitioner for the sum total of the amounts paid to the Lincoln Housing Association by these stockholders, and at the same time allow the claims of the individual stockholders for the amount each one had paid. Upon the dismissal of the amended intervening petition, the receiver of the Lincoln Housing Association is free to allow the claims of the individual stockholders filed with him, and to pay the dividends to them instead of to the receiver of the Estate Building & Loan Association.

A judgment will be entered herein dismissing the amended intervening petition of Ralph E. Clark, receiver of the Estate Building & Loan Association, with costs.